UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY KHAMISI,
    Petitioner,

vs.

BUTLER COUNTY SHERIFF,
    Respondent.

Case No. 1:18-cv-255

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).  For the reasons stated below, the petition should be dismissed.[1]

Petitioner brings her habeas petition in connection with a criminal action currently pending in the Hamilton County Court of Common Pleas in Case No. B-1705754.  Petitioner argues that she has been unlawfully held at the Hamilton County Justice Center since March 2, 2018 without probable cause.  (*Id.* at PageID 2).  Petitioner further alleges that the state court lacks jurisdiction to proceed against her, that her indictment was "falsely secured without evidence of a crime," and that she has been denied access to the courts.  (*Id.* at PageID 2–3).

Petitioner previously filed a similar habeas corpus action in *Khamisi v. Ohio*, No. 1:18-cv-111 (S.D. Ohio Feb. 15, 2018) (Bertelsman, J.; Litkovitz, M.J.) (Doc. 1).[2]  In that case, as here, petitioner challenged the trial court's jurisdiction in her criminal case, claimed that she was fraudulently indicted, and argued that a warrant was issued for her arrest without probable cause.

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See* 28 U.S.C. foll. § 2254.

[2] Petitioner, with three co-defendants in the state court action, also filed a petition for a writ of habeas corpus on December 6, 2017, which was dismissed for lack of prosecution on February 13, 2018.  *See Khamisi v. Deters*, Case No. 1:17-cv-824 (S.D. Ohio Dec. 6, 2017) (Dlott, J.; Bowman, M.J.).

*See id.*. On February 22, 2018, the Court issued a Report and Recommendation to dismiss the action without prejudice to refiling after petitioner exhausted all available state court remedies.[3] *Id.* at Doc. 2. On April 6, 2018, the Court adopted the Report and Recommendation and dismissed the petition. For the same reasons as stated in petitioner's prior case, the instant petition should also be dismissed.

As noted in petitioner's prior case, a pretrial detainee who has exhausted all available state court remedies as a prelude to seeking federal habeas relief, may seek federal habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981). However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins,* 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden,* 410 U.S. at 489 (1973); *Atkins,* 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double

---

[3] The instant petition does not indicate that petitioner has exhausted her available state court remedies or that the procedural status of her criminal proceeding has changed since she filed her prior petition approximately two months ago.

2

Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky*, Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones*, No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3 (E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr. 17, 2009). None of those exceptions apply here. Petitioner's claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings.

In any event, even assuming, *arguendo*, that extraordinary circumstances exist to justify this Court's intervention in the ongoing state criminal proceedings, it appears that it is subject to dismissal because petitioner has not exhausted any available state court remedies before applying for federal habeas corpus relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's pro se petition for a writ of habeas corpus be **DISMISSED** without prejudice.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is

3

remediable at this juncture in this proceeding.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis.  See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY KHAMISI,
    Petitioner,

vs.

BUTLER COUNTY SHERIFF,
    Respondent.

Case No. 1:18-cv-255

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).