**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Kimberly Khamisi, | Case No. 1:18-cv-255 |
| Petitioner, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| Butler County Sheriff, | |
| Respondent. | |

## **OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's April 19, 2018 Report and Recommendation ("R&R") recommending Petitioner's claims be dismissed for failure to exhaust available state remedies. (Doc. 2). Petitioner filed timely objections on April 30, 2018. (Doc. 3).

When objections to a magistrate judge's order are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief

---

[1]As the Magistrate Judge noted, this Court has previously dismissed a federal habeas petition by Petitioner for failure to exhaust all state court remedies, and Petitioner raises the same claims in the instant case. *See Khamisi v. Ohio*, No. 1:18-cv-111 (S.D. Ohio Feb 15, 2018) (Bertelsman, J.; Litkovitz, M.J.).

on claims of a state pre-trial detainee—such at Petitioner—if she is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). However, as the Magistrate Judge explained, the failure to exhaust state remedies precludes a pre-trial detainee from proceeding with federal habeas relief. *See Humphrey v. Plummer*, 840 F. Supp.2d 1040, 1042-43 (S.D. Ohio 2011) (citing *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981)). Petitioner has not alleged that she has exhausted her state-court remedies.[2]

Moreover, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state court criminal proceedings absent a "great and immediate" threat of "irreparable injury." *Younger v. Harris*, 401 U.S. 37, 46 (1941). As the Magistrate Judge explained, the Sixth Circuit has only recognized three exceptions to the *Younger* abstention doctrine which would permit a federal court to consider a pretrial habeas corpus petition: (1) when a petitioner seeks a speedy trial; (2) when the petitioner seeks to avoid a second trial for violation of the Double Jeopardy Clause; and (3) when the petitioner seeks to avoid the retrial of the case instead of accepting a plea offer first rejected due to ineffective counsel. *Atkins v. Michigan*, 644 F.2d 543, 546-47 (6th Cir. 1981); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). The Magistrate Judge concluded that none of these exceptions apply; and Petitioner does not address these exceptions in her objections.

---

[2]Petitioner does state that she was prevented from sending mail from jail to the state appeals court. (Doc. 4, PageID 13). However, Petitioner also explains that her daughter was able to carry her mail out of prison for her (Doc. 3 at PageID 13); and the Court notes that Petitioner was able to successfully file the present claim in federal court.

Based on the foregoing, the Magistrate Judge's April 19, 2018 R&R (Doc. 2) is **ADOPTED**. It is hereby **ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**;

2. A request for a certificate of appealability is **DENIED** because petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b);

3. Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that with respect to any application by Petitioner to proceed on appeal *in forma pauperis*, an appeal of this Order would not be taken in "good faith," and therefore Petitioner is **DENIED** leave to appeal *in forma pauperis*. See Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); and

4. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　*/s/ Michael R. Barrett*
　　　　　　　　　　　　　Michael R. Barrett, Judge
　　　　　　　　　　　　　United States District Court

Research:

1. Petitioner's claims are not extraordinary circumstances

    a. "*Younger* abstention is appropriate until Plaintiffs' state court criminal proceedings have ended, meaning that all available appellate remedies have either been exhausted or waived"

        i.

        ii. The Younger abstention doctrine "derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." Doe v. Univ. of Ky., 860 F.3d 365, 368 (6th Cir. 2017) (citing Younger, 401 U.S. at 44). Under the doctrine, federal courts "should abstain from deciding a matter that implicates pending state criminal proceedings." Gonnella v. Johnson, 115 F. App'x 770, 771 (6th Cir. 2004). Abstention is appropriate when three factors are satisfied: "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his

constitutional claims." Kelm v. Hyatt, 44 F.3d 415, 419 (6th Cir. 1995) (citing Nilsson v. Ruppert, Bronson & Chicarelli Co., 888 F.2d 452, 454 (6th Cir. 1989)). See also Gonnella, 115 F. App'x at 771-72.

  iii. The party seeking to avoid abstention has the burden to establish state proceedings are inadequate. Goodwin v. County of Summit, Ohio, 45 F. Supp.3d 692, 701 (N.D. Ohio 2014) (citing Nimer v. Litchfield Tp. Bd. of Trustees, 707 F.3d 699, 701 (6th Cir. 2013); Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n, 498 F.3d 328, 334 (6th Cir. 2007); Squire v. Coughlan, 469 F.3d 551, 556 (6th Cir. 2006) ). Plaintiffs must show that state law "clearly bars the interposition of the constitutional claims" to avoid abstention. Id. (citing Am. Family, 498 F.3d at 334 (emphasis in original) (quoting Squire, 469 F.3d at 556) (further citation and quotation marks omitted); Middlesex County Ethics Comm. v. Garden State B. Ass'n, 457 U.S. 423, 432 (1982) (where pending state proceedings implicate important state interests, "a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims' ") ).

b. Duplicative with 1:18-cv-087

  i. Other claims against Judge Ruehlman are still proceeding through the state court